RONALD A. VAN WERT, WSBA #32050
ETTER, McMAHON, LAMBERSON
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509)747-9100
(509)623-1439 Fax
Email: rvw@ettermcmahon.com

*Attorney for Defendant Shawn Robson*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SHAWN ROBSON (3) ) <br> ) <br> Defendant. ) <br> ) | No. 2:22-CR-0052-TOR-3 <br><br> **DEFENDANT ROBSON'S SENTENCING MEMORANDUM** |

Defendant Shawn Robson, by and through his attorney Ronald A. Van Wert of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., hereby respectfully submits his Sentencing Memorandum per the Court's *Order Accepting Guilty Plea and Setting Sentencing Schedule* ("Order") [ECF 175].

Mr. Robson has pled guilty to one count of possession of stolen

DEFENDANT ROBSON'S SENTENCING MEMORANDUM
Page 1

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

ammunition. For the reasons stated herein and at the time of sentencing, Mr. Robson respectfully requests that the Court utilize its discretion to depart from the sentencing guidelines and impose a sentence of probation with no incarceration.

## I. Objections to the PSIR

Mr. Robson has no objections to the PSIR [ECF 202].

## II. Downward Departures

In addition to the downward departures noted in the PSIR [ECF 202 at 20-21], Mr. Robson respectfully submits that a downward departure is warranted for the substantial assistance he has provided to the Government as reflected in his Plea Agreement [ECF 174 at 6.] The Government is expected to file a motion for a downward departure in light of Mr. Robson's assistance. [See ECF 174 at 10-11.]

Mr. Robson further submits that his mental health condition arising from his service in the military, including during wartime deployment, provides a basis for downward departure per U.S.S.G. § 5H1.3. Mr. Robson's diagnosed mental health conditions and struggles therewith are reflected in the attachment hereto at pages 11-14.

DEFENDANT ROBSON'S SENTENCING MEMORANDUM
Page 2

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

## III. <u>18 U.S.C. § 3553(a)</u>

In accordance with the United States Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), when sentencing a defendant, the sentencing court must consider the factors listed in 18 U.S.C. § 3553(a). Section 3553(a) provides, in pertinent part:

The court shall impose a sentence <u>sufficient but not greater than necessary</u> to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

  a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  b. to afford adequate deterrence to criminal conduct;

  c. to protect the public from further crimes of the defendant; and

  d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

DEFENDANT ROBSON'S SENTENCING MEMORANDUM
Page 3

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(3) the kinds of sentences available…

Although the sentencing court must also consider the sentencing guidelines, it must not give more weight to the sentencing guidelines than to § 3553(a). *U.S. v. Zavala*, 443 F.3d 1165, 1169 (9th Cir. 2006). Moreover, if the sentencing court treats a guidelines range as the presumptive sentence, the court "will commit legal error by misapplying § 3553(a)." *Id.* at 1170.

The sentencing court's "task is to attempt to find the most reasonable sentence for [the particular defendant] within the territory of all possible reasonable sentences." *Id.* Sentencing is not mechanical, but rather a "difficult art." *U.S. v. Diaz-Argueta*, 447 F.3d 1167, 1172 (9th Cir. 2006). It is "an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of [§ 3553(a)]." *Id.*

**a. Nature and circumstances of the offense and the history and characteristics of the defendant**

Mr. Robson drafted a statement to the Court attached hereto at pages 8-13. Undersigned counsel respectfully submits that Mr. Robson's statement comprehensively sets forth the nature and circumstances of the offense and his

DEFENDANT ROBSON'S SENTENCING MEMORANDUM
Page 4

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

personal characteristics, along with his acceptance of responsibility, which justify leniency and favor a sentence of probation. Mr. Robson further submits letters of reference attached hereto at pages 15-25 that demonstrate his exceptional character and the anomalous nature of this offense.

**b. Time period will appropriately punish, deter, and protect**

As evidenced by Mr. Robson's lack of criminal history, service to his country, substantial assistance to the Government, statement to the Court attached hereto, behavior on release, letters of support, and anomalous nature of the offense compared to the model life otherwise led by Mr. Robson, no incarceration is necessary for deterrence or protection. As for punishment, Mr. Robson has been punished severely by the loss of an otherwise exemplary military career and benefits derived therefrom, by having a felony record, and by the depression he is inflicted with arising from this matter.

For the reasons stated above and the record before the Court, including the presentation at the forthcoming sentencing hearing and the attachment hereto, probation is sufficient, but not greater than necessary, to accomplish the objectives of 18 U.S.C. § 3553(a). Accordingly, Mr. Robson respectfully requests that the Court exercise its discretion and sentence him to probation

DEFENDANT ROBSON'S SENTENCING MEMORANDUM
Page 5

ETTER, M<sup>c</sup>MAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

with no incarceration.

    RESPECTFULLY SUBMITTED this 14th day of June 2023.

        ETTER, McMAHON, LAMBERSON,
        VAN WERT & ORESKOVICH, P.C.

        By: /s/ Ronald A. Van Wert
          RONALD A. VAN WERT, WSBA #32050
          Attorney for Defendant Shawn Robson

DEFENDANT ROBSON'S SENTENCING MEMORANDUM
Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

/s/RONALD A. VAN WERT
RONALD A. VAN WERT, WSBA 32050
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA 99201
(509) 747-9100
(509) 623-1439 Fax
Email: rvw@ettermcmahon.com
Attorney for Defendant Shawn Robson

DEFENDANT ROBSON'S SENTENCING MEMORANDUM
Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100